Mahadhi Corzano (SBN: 254905)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x255
Fax: 866-583-3695
mcorzano@consumerlawcenter.com
Attorneys for Plaintiff,
MARK BAKER

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE RICCA, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| DOLLAR FINANCIAL GROUP, aka MONEY MART, | **(Unlawful Debt Collection Practices)** |
| Defendant. | |

## **VERIFIED COMPLAINT**

MICHELLE RICCA (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against DOLLAR FINANCIAL GROUP, aka MONEY MART, (Defendant):

## **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

## **JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

## PARTIES

6. Plaintiff is a natural person residing in Sacramento, Sacramento County, California.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national company with its headquarters in Rancho Cordova, California.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant's representative, Tracy, called Plaintiff at her place of employment.

13. Plaintiff notified Defendant that she is not allowed to receiver personal calls at work and gave Defendant her cellular phone number to call.

14. Despite being notified by Plaintiff that she is not allowed to receive personal calls and having Plaintiff's cellular phone number, Defendant continued contacting Plaintiff at her place of employment.

15. Defendant's representative, Tracy, told Plaintiff that Defendant had a legal right to call Plaintiff at work after Plaintiff told her that she was not allowed to receive personal calls at work.

16. Defendant's representative, Tracy, called Plaintiff and left a message stating that there is an urgent and legal matter and Plaintiff needed to call her back immediately.

17. Defendant calls Plaintiff's brother at his home number 916-391-2237 and cellular number 916-519-1849 and disclosed Plaintiff's debt.

18. Plaintiff's brother has told Defendant to stop calling him, but yet Defendant continues to call Plaintiff's brother.

19. Defendant calls Plaintiff's home and discloses Plaintiff's debt with her roommates.

20. Defendant calls from 916-363-7053 and 916-452-7360.

21. Defendant calls Plaintiff at 916-231-1804.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

22. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(1)* of the FDCPA by communicating with Plaintiff's brother and roommates and failing to identify herself and state that she is confirming or correcting location information.

    b. Defendant violated *§1692b(2)* of the FDCPA by communicating with Plaintiff's brother and roommates and stating that Plaintiff owes a debt.

    c. Defendant violated *§1692b(3)* of the FDCPA by communicating with Plaintiff's brother more than once without permission to do so and without reasonable belief that the earlier response was erroneous or incomplete.

    d. Defendant violated *§1692c(a)(3)* by repeatedly contacting Plaintiff at his place of employment even though Defendant knew that Plaintiff's employer prohibits the consumer from receiving such communications.

e. Defendant violated *§1692c(b)* of the FDCPA by communicating with Plaintiff's brother and roommates in connection with the collection of Plaintiff's debt.

f. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

g. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by falsely implying to Plaintiff that Defendant had a legal right to call her at work after it knew that she was not allowed to receive personal calls.

WHEREFORE, Plaintiff, MICHELLE RICCA, respectfully requests judgment be entered against Defendant, DOLLAR FINANCIAL GROUP, aka MONEY MART, for the following:

23. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

27. Defendant violated the RFDCPA based on the following:

a. Defendant violated *§1788.11(d)* of the RFDCPA by placing collection calls to Plaintiff repeatedly and continuously so as to annoy Plaintiff.

b. Defendant violated *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

WHEREFORE, Plaintiff, MICHELLE RICCA, respectfully requests judgment be entered against Defendant, DOLLAR FINANCIAL GROUP, aka MONEY MART, for the following:

28. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

29. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

30. Any other relief that this Honorable Court deems appropriate.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MICHELLE RICCA, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED:  May 23, 2011                    KROHN & MOSS, LTD.

By: /s/ Mahadhi Corzano

Mahadhi Corzano
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, MICHELLE RICCA, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, MICHELLE RICCA, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 3/30/2011          _____
                                    MICHELLE RICCA